IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JODI HINGSTON,

           Plaintiff,

   v.

QUICK COLLECT, INC., &
KENNETH MITCHELL-PHILLIPS, SR.,
individually,

           Defendants.

No. 3:15-cv-1202-HZ

OPINION & ORDER

Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd., Ste. 150
Lake Oswego, OR 97035

    Attorney for Plaintiff

Jesse D. Conway
The Law Offices of Jesse D. Conway, PLLC
1014 Franklin St., Ste. 106
Vancouver, WA 98660

    Attorney for Defendant Quick Collect, Inc.

1 - OPINION & ORDER

Kenneth S. Mitchell-Phillips, Sr.
The Law Offices of Ken Mitchell-Phillips, P.C.
5500 N.E. 107th Ave.
Vancouver, WA 98662

      Attorney for Defendant Kenneth Mitchell-Phillips

HERNÁNDEZ, District Judge:

      Plaintiff Jodi Hingston ("Plaintiff"), brings this action against Defendants Quick Collect, Inc. ("QCI") and Kenneth Mitchell-Phillips ("Mitchell-Phillips") alleging violation of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692.

      Beginning in December 2013, QCI hired Mitchell-Phillips, an attorney, to help with the "legal portion" of collecting consumer debts. Dep. of Kenneth Mitchell-Phillips, Sr. at 10:18–21 (Jan. 20, 2016) ("Dep. of Mitchell-Phillips"). On March 10, 2015, Mitchell-Phillips issued a $250 writ of garnishment to Plaintiff's employer in an attempt to collect a debt related to a medical expense.[1] Dep. of Jason Garner at 8:18, 7:15; Dep. of Mitchell-Phillips at 10:4–7.

      Plaintiff moves for partial summary judgment on the allegation that Mitchell-Phillips, individually, and his vicariously liable client QCI, failed to send proper notice to Plaintiff as required by 15 USC § 1692g(a). Plaintiff's motion is granted in part, and denied in part. Plaintiff has not shown that Mitchell-Phillips is a debt collector as a matter of law. However, the record establishes that QCI is a debt collector under the FDCPA and that both QCI and Mitchell-Phillips failed to notify Plaintiff of her rights pursuant to § 1692g(a).

## STANDARDS

      Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The

---

[1] Plaintiff's motion specifies a date of March 2013, but examination of the complaint, answer, and depositions indicate this to be a typo. The Court assumes the date to be March 2015.

moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

### I. Contradicting Prior Deposition Testimony

As a preliminary matter, it is necessary to address Mitchell-Phillips's claim that he is in-house counsel for QCI. Def. Resp. at 5, ECF 23; Mitchell-Phillips Decl. ¶6, ECF 23.

Mitchell-Phillips's declaration that he is "in house attorney" for QCI directly contradicts his earlier deposition testimony that "Quick Collect is a client of mine."[2] Dep. of Mitchell-Phillips at 5:15–19. When attempting to reconcile the discrepancy, "[t]he general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." Van Asdale v. Int'l Game Tech., 577 F.3d 989, at 998 (9th Cir. 2009) (reasoning that if a party who has been examined at length could raise an issue of fact simply by contradicting his own prior testimony, the utility of summary judgment as a procedure for screening out sham issues of fact would be greatly diminished), see also, Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806–807 (1986) (recognizing that lower courts have virtually unanimously held that a party cannot survive summary judgment simply by contradicting his or her own previous sworn statement).

However, Van Asdale recognized that "the sham affidavit rule is in tension with the principle that a court's role in deciding a summary judgment is not to make credibility determinations or weigh conflicting evidence." Van Asdale, 577 F.3d at 998. Further, '[a]ggresive invocation of the rule also threatens to ensnare parties who may have simply been confused . . . ." Id. To ensure the rule is "applied with caution . . . there are two important limitations on this Court's discretion to invoke the sham affidavit rule." Id. First, there must be a factual determination that the contradiction is actually a sham, and second, the inconsistency must be clear and unambiguous. Id. This two-step process is necessary to ensure that the inconsistency was not the result of "an honest discrepancy, a mistake, or newly discovered evidence." Id. at 999.

At step one, the Court finds that, during Mitchell-Phillips's deposition, he testified no less than six separate times that Quick Collect is a client of his firm. Dep. of Mitchell-Phillips at

---

[2] Mitchell-Phillips represented QCI in this matter. He has since withdrawn. Jesse D. Conway now represents QCI.

4 - OPINION & ORDER

5:15.³ In response to Plaintiff's motion for summary judgment on the matter, Mitchell-Phillips changed his testimony and now claims, "I am an in-house attorney for QCI . . ." Decl. of Ken Mitchell-Phillips at 2. The only reasonable inference the Court can draw from such a switch in testimony is that Mitchell-Philips is seeking to create an issue of fact to survive summary judgment.

At step two, the Court finds Mitchell-Phillips's new testimony clearly and unambiguously contradicts his deposition testimony that QCI is a client of his firm. Mitchell-Phillips offers no explanation for the discrepancy. There is no evidence that the contradiction between Mitchell-Phillips's deposition and his subsequent declaration is the result of a mistake or confusion. Thus, the Court applies the sham affidavit rule here, and disregards Mitchell-Phillips's declaration that he is in house counsel in determining the appropriateness of summary judgement. See, Van Asdale, 577 F. 3d at 998 (holding it appropriate for a district court to apply the sham affidavit rule only when both steps in the analysis are satisfied).

## II. FDCPA

Plaintiff alleges that Defendants are debt collectors who violated § 1692g(a) of the FDCPA by failing to provide Plaintiff with the statutorily required notice within five days of the initial communication with her, the March 10, 2015 writ of garnishment. Mitchell-Phillips responds that he is in-house counsel for QCI, a position not considered a "debt collector" under the FDCPA. As such, Mitchell-Phillips claims he was not required to send additional notices to Plaintiff. QCI argues it sent the required notices to Plaintiff, so it did not violate the FDCPA.

The FDCPA describes a debt collector, in relevant part, as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

---

³ Variations of this same testimony occur at 6:16–17, 8:4–10, 9:9–14, 10:18–20, and 11:1–2.

The FDCPA requires a debt collector to send notice of debt "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . ." 15 U.S.C. § 1692g(a).

### III. Kenneth Mitchell-Phillips as a Debt Collector

The Court must first determine whether Mitchell-Phillips, an attorney hired by QCI, is a debt collector under the Act.

As mentioned above, a debt collector is "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Supreme Court has held that the FDCPA's definition of "debt collector" includes lawyers who regularly, through litigation, attempt to collect consumer debts. Heintz v. Jenkins, 514 U.S. 291, 292 (1995). A plaintiff in an FDCPA action bears the burden of proving a defendant's debt collector status. See, Goldstein v. Hutton, et al., 374 F.3d 56 (2nd Cir. July 1, 2004).

Plaintiff relies on the deposition of QCI's General Manager Jason Garner, who, when asked whether "Mr. Mitchell-Phillips regularly does work for [QCI]," answered "[y]es." Dep. of Jason Garner at 4:9. Mitchell-Phillips also testified that, "I have a law firm . . . Quick Collect is one of my clients that collects debts, and I help them with the legal portion of that . . . ." Dep. of Mitchell-Phillips at 10:18–21. These statements are not enough to prove that Mitchell-Phillips falls within the definition of a debt collector under the FDCPA.

The Ninth Circuit has addressed this issue of regularity only once, finding without any meaningful analysis that an attorney whose practice during the period in question included 80 percent debt collection work was a "debt collector" for the purposes of the FDCPA. Fox v. Citicorp Credit Services, Inc., 15 F. 3d 1507, 1513 (9th Cir. 1994). Later, the Second Circuit

outlined a number of factors to consider when determining whether an attorney qualifies as a "debt collector." Goldstein, 374 F.3d at 62–63. Factors the court considered "illustrative rather than exclusive" included, among others, the absolute number of debt collection communications issued over the relevant period, the frequency of such communications, any discernable patterns of debt collection, whether the law firm has specific personnel assigned to work on debt collection activity, whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer to assist in the collection of consumer debts, and whether the firm advertises its services for debt collection. Id. In Goldstein, evidence of an attorney issuing over 140 notices within a 12 month period aided a determination that the attorney was a debt collector, but the court cautioned that the determination of debt collector status under the FDCPA should be analyzed on a case-by-case basis. Id.

At present, the record is insufficient to determine that Mitchell-Phillips *regularly* attempts to collect consumer debts for QCI. For instance, there is no evidence that Mitchell-Phillips advertises his firm as one that aids in debt collection, the exact number of debt collection communications Mitchell-Phillips issued over a particular period of time, or whether Mitchell-Phillips's firm has specific personnel assigned to debt collection. The Court cannot determine, on the present record, that Mitchell-Phillips is a debt collector under § 1692a(6).

Plaintiff's motion for summary judgement as to Mitchell-Phillips's liability as a debt collector is denied.

**IV. QCI as a Debt Collector**

The parties agree and the record reflects that QCI is "a debt collector as defined by USC § 1692a(6)." Def. Resp. to First Req. for Admis. at 3 (Nov. 16, 2015). At this point in the analysis, it is important for the Court to note that QCI attempted to collect a debt through their

7 - OPINION & ORDER

attorney, Mitchell-Phillips. QCI is vicariously liable for any action (or inaction) of their attorney Mitchell-Phillips because "Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken." Fox v. Citicorp, 15 F.3d at 1516 (holding a client vicariously liable for an attorney's incorrect venue decision), see also, Clark v. Capital Credit & Collection Service, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006) (adopting a lower court's holding that general principles of agency form the basis for vicarious liability under the FDCPA). Thus, even if Mitchell-Phillips is not a debt collector on his own, the determination of whether QCI or Mitchell-Phillips sent the proper notice to Plaintiff directly affects QCI's liability.

The FDCPA requires a debt collector to send notice of debt "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . ." 15 USC § 1692g(a). A writ of garnishment is an "initial communication" with a consumer. Adams v. Schumacher, No. 13-cv-02301-AC, 2014 WL 6977695, at *4 (D. Or. Dec. 9, 2014) (broadly defining "communication" under the FDCPA and holding that correspondence between a lawyer debt collector and a consumer constituted an initial communication triggering the five day notice requirement). The required information includes the amount of debt, the name of the creditor to whom the debt is owed, notice of the right of the consumer to dispute the validity of the debt, the right to verification of the judgement against the consumer, and the right to the name and address of the original creditor.

### A. Mitchell-Phillips's Notice

Mitchell-Phillips testifies that his firm does not send out the notices, and instead relies on QCI to send "those types of letters." Dep. of Mitchell-Phillips at 8:15–16, 9:9–14. Moreover, there is no evidence that Plaintiff received any additional notice from Mitchell-Phillips. Therefore, Mitchell-Phillips failed to meet the notice requirements of § 1692g(a). See, Adams,

2014 WL 6977695, at *4 (finding that when a debt collection agency's attorney made the initial communication with a debtor, the attorney was required to meet the notice requirements of § 1692g(a) of the FDCPA).

### B. QCI's Notice

QCI asserts that it sent proper notice to Plaintiff, and offers a declaration from their clerk, who states "[o]n or around . . . March 24, 2015, I sent a garnishment letter to Plaintiff's place of employment." Decl. of Hannah Fenimore at 1 (March 1, 2016). This alleged garnishment letter was not submitted as an exhibit, so there is no way of knowing whether it included the complete notice required by § 1692g(a). QCI has not demonstrated that it included the required disclosures with the garnishment letter. Further, even if the March 24th garnishment letter Ms. Fenimore referenced contained such notice, it was sent fourteen days after the March 10 initial communication, falling nine days too late to satisfy § 1692g(a). In sum, QCI failed to provide Plaintiff with notice, and thus violated the FDCPA.

## V. Strict Liability

Regarding liability, the FDCPA states "[a] debt collector may not be held liable in any action . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional or resulted from a bona fide error . . . ." 15 USC § 1692k(c). Defendants do not claim that the violation was due to a technical or factual mistake, but rather that there has been no violation at all. Thus, this bona fide error defense does not apply, and QCI is strictly liable. See, Clark, 460 F.3d at 1176 (holding that the broad language and remedial nature of the FDCPA favored strict liability, with knowledge or intentional violation only relevant to the determination of damages).

//

**VI. Local Rule 7.1**

Defendants also urge the Court, even if summary judgment is appropriate, to deny this motion based on Plaintiff's failure to confer prior to filing. Defendants claim Plaintiff's only attempt to confer consisted of leaving a voicemail message on February 16, 2016 at 7:24 pm, the same day Plaintiff filed this motion. Def. Opp'n at 6–7. Plaintiff contends she called Defendants earlier, but confirms that she left the voicemail the same day as filing the motion. Pl. Reply at 3, ECF 24. The specific time Plaintiff left the voicemail does not change the analysis.

Local Rule 7.1 ("LR 7.1") requires parties to confer in good faith to resolve a dispute prior to filing a motion. The court may deny any motion that fails to comply with this rule. In the present case, Plaintiff thwarted "the purpose of LR 7.1 . . . by waiting until the last minute and leaving a short message with insufficient time before filing a motion." Arboireau v. Adidas Salomon AG, No. CV-01-105-ST, 2002 WL 31466564, at *1 (D. Or. June 14, 2002) (finding the defendant's attempts to confer by leaving two voice messages the same day as filing the motion lacked good faith, violating LR 7.1).

The Court must now decide whether Plaintiff's failure to confer in good faith is fatal to this motion. It is not. In Arboireau, the court recognized that "the parties would not have reached an agreement," that "conferral would have been futile," and, "[b]ecause this court does not require futile acts, [the motion] is not denied for failing to confer." Id. After reviewing the parties' briefs on this matter, it is clear that had Plaintiff conferred with Defendants before filing, the parties would not have resolved the dispute, particularly in light of Mitchell-Phillips's contradictory testimony as to his relationship with QCI.

Because conferral on the present matter would have been futile, the Court recognizes Plaintiff frustrated the purpose of LR 7.1, but will not deny Plaintiff's motion as a result.


## CONCLUSION

For the reasons stated, Plaintiff's motion [17] is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated this 28 day of July, 2016.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

11 - OPINION & ORDER